# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHEN DORRIS | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00069 |
| | § | Judge Mazzant |
| CITY OF MCKINNEY, TEXAS, DANIEL KISTNER, NAMED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND JOSE MADRIGAL, NAMED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES | § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant the City of McKinney, Texas' (the "City"), Defendant Fire Chief Daniel Kistner's ("Defendant Kistner"), and Defendant Deputy City Manager Jose Madrigal's ("Defendant Madrigal") motions to dismiss (Dkts. #20, #21, #22). Having considered the relevant pleadings, the Court finds that the City's motion should be denied in part and granted in part. The Court further denies in part and grants in part Defendant Kistner and Defendant Madrigal's (the "Individual Defendants") motions to dismiss, or in the alternative, motions for a Rule 7(a) Reply.

## BACKGROUND

The above referenced case is an action against the City, Defendant Kistner, and Defendant Madrigal (collectively, "Defendants") regarding the termination of Plaintiff Stephen Dorris' ("Plaintiff") employment with the City.

Plaintiff worked for the City's Fire Department (the "Fire Department") from March 2003 to July 16, 2015 (Dkt. #13 at p. 3). During his employment with the Fire Department, Plaintiff served as the elected president of the International Association of Fire Fighters, Local

2661 ("Local 2661") (Dkt. #13 at p. 3). In 2015, Local 2661's political action committee ("PAC") endorsed three candidates for the May 2015 City Council election (Dkt. #13 at p. 3). In April 2015, Plaintiff arranged a photo shoot with the PAC's endorsed candidates and off-duty members of Local 2661 at one of the City's fire stations (Dkt. #13 at p. 3). Plaintiff was not present at the photo shoot (Dkt. #13 at p. 3). During the photo shoot, photographs were taken of the endorsed candidates and off-duty members of Local 2661 standing in front of a City fire truck (Dkt. #13 at p. 3-4). No City insignia were visible in the photographs (Dkt. #13 at p. 4). The PAC and one of the endorsed candidates used the photographs from the shoot in political advertisements (Dkt. #13 at p. 4). That same month, the City Attorney's office informed Plaintiff that Local 2661 could not use photographs of on-duty fire personnel for political campaigns, even if all references to the City were removed (Dkt. #13 at p. 4).

After the photographs were posted on the PAC's Facebook page, Defendant Kistner asked the City Police Department to open an administrative inquiry to determine whether the post violated any City policy or rule (Dkt. #13 at p. 4). After an initial inquiry, Defendant Kistner commenced a full Internal Affairs investigation into Plaintiff (Dkt. #13 at p. 4). On July 16, 2015, at the conclusion of the Internal Affairs investigation, Defendant Kistner signed a Notice of Disciplinary Action (the "Notice") terminating Plaintiff for violating the City's policy on insubordination (Dkt. #13 at p. 5). The Notice stated that Plaintiff failed to follow an order given by the City Manager's office not to use City equipment for the purpose of endorsing candidates and failed to use his chain of command for his request to use City-owned property (Dkt. #13 at p. 5). Defendant Madrigal approved Plaintiff's termination (Dkt. #13 at p. 5). Plaintiff appealed his termination and on October 23, 2015, three management-level City

officials held an administrative hearing regarding Plaintiff's appeal (Dkt. #13 at p. 5). On October 27, 2015, Defendant City upheld Plaintiff's termination (Dkt. #13 at p. 5).

On April 6, 2016, Plaintiff filed his First Amended Complaint asserting the following claims: (1) deprivation of his First and Fourteenth Amendment right of freedom of association under 42 U.S.C. § 1983; (2) deprivation of his First and Fourteenth Amendment right of freedom of speech under 42 U.S.C. § 1983; and, (3) deprivation of his freedom of association under Texas Labor Code §§ 101.001, 101.052 and Texas Government Code § 617.004 (Dkt. #13 at pp. 6-11). On April 20, 2016, Defendant City filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Dkt. # 20). On April 20, 2016, Defendant Kistner and Defendant Madrigal each filed a Motion to Dismiss for Failure to State a Claim, or in the alternative, Motion For Rule 7(a) Reply (Dkts. #21, #22). On May 16, 2016, Plaintiff filed oppositions to Defendants' Motions to Dismiss (Dkts. #31, #32, #33). On May 25, 2016, Defendants filed replies to Plaintiff's oppositions to Defendants' Motions to Dismiss (Dkts. #36, #37, #38). On June 6, 2016, Plaintiff filed sur-replies to Defendants' replies (Dkts. #41, #42, #43).

**LEGAL STANDARD**

The City moves for dismissal of Count 3 under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction (Dkt. # 20 at p. 1). The court has subject-matter jurisdiction over those cases arising under federal law. U.S. Const. Art. III, § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). The court has supplemental jurisdiction over claims for which it lacks subject-matter jurisdiction, but that are substantially related—"form part of the same case or

controversy"—to claims for which it does. 28 U.S.C. § 1367(a). A claim not arising under federal law is substantially related to one that properly does so arise when the additional claim "derive[s] from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966).

A Rule 12(b)(1) motion should be granted only if it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 556-557 (2007) (courts review Rule 12(b)(1) motions just as they would a 12(b)(6) motion)). However, the court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Defendants also move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules

of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows that 'where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*,

556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

## ANALYSIS

### A. Claims against the City

Plaintiff alleges that by terminating his employment, the City violated his right to free speech and association under the U.S. Constitution and under Texas law. The Court (1) denies the City's motion to dismiss Plaintiff's Section 1983 claims and (2) grants the City's motion to dismiss Plaintiff's state law claims.

#### 1) Section 1983 Claims

The City contends that Plaintiff failed to state a claim for relief against the City for constitutional violations under Section 1983 (Dkt #36 at pp. 1-2). After reviewing the current amended complaint, the motion to dismiss, the response, the reply, and the sur-reply, the Court finds that Plaintiff has stated plausible Section 1983 claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

2) State Law Claims

Plaintiff further alleges that his termination violated Texas Labor Code Section 101.001 and 101.052 and Texas Government Code Section 617.004. Under this theory, Plaintiff seeks reinstatement and injunctive relief. Defendant City contends that the Court lacks jurisdiction over Plaintiff's state law claims because the City's governmental immunity bars these claims (Dkt. #36 at p. 6). The Court agrees.

Under Texas law, the state is immune from both suit and judgment liability, unless the state expressly consents to them. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Governmental immunity extends sovereign immunity protections to the political subdivisions of the state, including its municipalities. *Harris Cty. Hosp. Dist. V. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 848 (Tex. 2009). Government entities are immune from claims for injunctive relief based on allegations that government officials have violated the law or exceeded their authority. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-73 (Tex. 2009); *see also Agee v. City of McKinney*, No. 4:12-CV-550, 2014 WL 1232644, at *16 (E.D. Tex. Mar. 22, 2014), aff'd sub nom. *Agee v. City of McKinney, Tex.*, 593 F. App'x 311 (5th Cir. 2014) (holding that a city's governmental immunity precludes claims for reinstatement and injunctive relief until such time as plaintiff establishes a waiver of immunity). The Court agrees that Plaintiff has not asserted facts establishing any waiver of immunity (Dkt. #20 at 12-13). The City's 12(b)(1) motion to dismiss Plaintiff's state law claims is therefore granted.

**B. Claims Against the Individual Defendants**

Plaintiff alleges that the Individual Defendants violated his right to freedom of speech and freedom of association under the First and Fourteenth Amendment and the Texas Labor Code by terminating him because of his involvement in Local 2661. After reviewing the

relevant pleadings, the Court finds (1) as to Plaintiff's claims against the Individual Defendants in their individual capacities, Plaintiff must submit a Rule 7(a) Reply addressing each Individual Defendants' qualified immunity defense and (2) as to Plaintiff's claims against the Individual Defendants in their official capacities, the Court dismisses all federal claims asserted against the Individual Defendants as redundant and duplicative of Plaintiff's claims against Defendant City. Further, Plaintiff properly pleaded his state law equitable claims against the Individual Defendants in their official capacities and has standing to bring these claims.

1) <u>Individual Capacity Claims</u>

The Individual Defendants contend that Plaintiff has failed to state plausible First and Fourteenth Amendment claims against them in their individual capacities and has failed to overcome the defense of qualified immunity. After reviewing the relevant pleadings, the Court grants the Individual Defendants' requests that Plaintiff submit a Rule 7(a) Reply as to their qualified immunity claims.

"In order for a public employee to recover for a free speech retaliation claim, the plaintiff must satisfy four elements: (1) the plaintiff must suffer an adverse employment decision; (2) the plaintiff's speech must involve a matter of public concern; (3) the plaintiff's interest in commenting on matters of public concern must outweigh the defendant's interest in promoting efficiency; and (4) the plaintiff's speech must have motivated the defendant's actions." *Cox v. Kaelin*, 577 F. App'x 306, 310 (5th Cir. 2014). A First-Amendment, "association" claim "has similar elements but requires 'engagement in a constitutionally protected activity' (rather than speech) and omits the second element (i.e., that the protected act involve a matter of public concern)". *Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir. 2014) (citations omitted).

"A plaintiff seeking to defeat qualified immunity must show that (1) the official violated a statutory or constitutional right and (2) the right was clearly established at the time of the challenged conduct." *Id.* at 626-27. "The law is clearly established that a public employee may be neither discharged nor demoted in retaliation for exercising his First Amendment Rights." *Cox*, 577 F. App'x at 313. Further, a reasonable employer should have knowledge that he may not escape liability for retaliating against an employee for exercising his First Amendment rights. *Id.*

Plaintiff has pleaded a First Amendment retaliation claim with sufficient facts to render it plausible on its face. First, an alleged discharge is "clearly an adverse employment decision." *Cox*, 577 F. App'x at 311. Plaintiff thus has met the first element of a First Amendment retaliation claim.

Second, a court must determine "whether it is plausible from the pleadings that [Plaintiff] spoke as a citizen on a matter of public concern." *Id.* (citations omitted). "The first step of this inquiry questions whether [Plaintiff] engaged in First Amendment speech as a citizen or in his role as a public employee." *Id.* Here, Plaintiff pleaded that all Local 2661 members in the photographs were off duty at the time the photographs were taken and were not wearing anything that identified them as City employees (Dkt. #13 at p. 3). Although the photographs included a City fire truck, Plaintiff has pleaded that he did not attend the photo shoot and was not personally involved in the movement of the fire truck during the photo shoot (Dkt. #13 at p. 5). It is thus plausible from the pleadings that Plaintiff spoke as a citizen rather than as a public employee. A court must next determine whether the speech involved a matter of public concern. *Cox*, 577 F. App'x at 311. "It is well established that the First Amendment right to free association includes the right to join unions." *Agee v. City of McKinney*, No. 4:12-CV-550, 2014 WL 1232644, at

*12 (E.D. Tex. Mar. 22, 2014) (citations omitted). Further, "there can be no question that associating with political organizations and campaigning for a political candidate relate[s] to a matter of public concern." *Cox*, 577 F. App'x at 311. Therefore, it is plausible that Plaintiff spoke as a citizen on a matter of public concern.

Third, a court must consider whether the plaintiff's interest in commenting on matters of public concern outweighs the defendant's interest in promoting efficiency. *Id.* at 312. At the motion to dismiss stage of a case, "there is a rebuttable presumption that no balancing is required to state a claim." *Burnside*, 773 F.3d at 628. However, an employer "may quickly overcome the presumption by invoking the procedure for resolving qualified-immunity disputes at the motion to dismiss stage." *Id.* (citing *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)). The Court thus directs Plaintiff to file a Rule 7(a) Reply addressing whether Plaintiff's interest in commenting on matters of public concern outweighs Defendants' interest in promoting efficiency. The Court will then determine whether Plaintiff has pleaded sufficient facts to make it plausible that (1) the official violated a statutory or constitutional right and (2) the right was clearly established at the time of the challenged conduct.

    2) <u>Official Capacity Claims</u>

The Individual Defendants seek to dismiss Plaintiff's claims against them in their official capacities, arguing that these claims are redundant of the claims against the City (Dkt. #37 at p. 3; Dkt. #38 at p. 3). The federal claims against the Individual Defendants are dismissed as duplicative of the claims brought against the City. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

However, the Court agrees that Plaintiff's state law equitable claims require the Individual Defendants to be named in their official capacities. *See Agee*, 2014 WL 1232644, at

*14 (citing *Heinrich*, 284 S.W.3d at 369-72). The Individual Defendants further argue that Plaintiff lacks standing to seek injunctive relief under Texas law because he is no longer employed by the City (Dkt. #21 at p. 14; Dkt. #22 at p. 14). This argument is without merit. Plaintiff alleges that he was wrongfully discharged and such discharge infringed on his rights to freedom of association under Texas law (Dkt. #13). Plaintiff seeks reinstatement and an injunction preventing the Individual Defendants from violating the Texas law in the future. Plaintiff thus has standing to seek injunctive relief. *See Simonelli v. Fitzgerald*, No. CIV.A. SA-07-CA-360, 2009 WL 3806489, at *2 (W.D. Tex. Oct. 22, 2009) (holding that plaintiffs had standing to sue where they alleged defendants wrongfully discharged a union president, infringing on the union members' First and Fourteenth Amendment rights). The Court therefore denies the Individual Defendants' motion to dismiss Plaintiff's state law claims.

## CONCLUSION

It is therefore **ORDERED** that the City's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #20) is hereby **DENIED** in part and **GRANTED** in part.

It is further **ORDERED** that the Individual Defendants' Motions to Dismiss Plaintiff's First Amended Complaint, or in the alternative, Motions for Rule 7(a) Reply (Dkts. #21, #22) are **DENIED** in part and **GRANTED** in part.

**SIGNED this 4th day of October, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE