# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHEN DORRIS | § § | |
| v. | § § | Civil Action No. 4:16-CV-00069 |
| CITY OF MCKINNEY, TEXAS, DANIEL KISTNER, NAMED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND JOSE MADRIGAL, NAMED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES | § § § § § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending Before the Court is Defendants Daniel Kistner's and Jose Madrigal's Motion for Reconsideration of Order Denying Motion to Dismiss (Dkt. #51). Having considered the pleadings, the Court finds the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff worked for the City of McKinney, Texas (the "City") Fire Department from March 2003 to July 16, 2015. During his employment with the Fire Department, Plaintiff served as the elected president of the International Association of Fire Fighters, Local 2661 ("Local 2661" or the "Association"). Plaintiff alleges that the City terminated his employment after he organized a photo shoot for Local 2661's political action committee and its endorsed candidates for City Council.

After the political action committee posted photographs from the photo shoot on its Facebook page, City Fire Chief Daniel Kistner ("Defendant Kistner") asked the City Police Department to open an administrative inquiry to determine whether the post violated any City policy or rule. After an initial inquiry, Defendant Kistner commenced a full Internal Affairs investigation into Plaintiff. On July 16, 2015, at the conclusion of the Internal Affairs investigation,

Defendant Kistner signed a Notice of Disciplinary Action (the "Notice") terminating Plaintiff for violating the City's policy on insubordination. The Notice stated that Plaintiff failed to follow an order given by the City Manager's office not to use City equipment to endorse candidates and failed to use his chain of command for his request to use City-owned property. Deputy City Manager Jose Madrigal ("Defendant Madrigal") approved Plaintiff's termination.

On April 10, 2017, the Court issued an order denying Defendants Kistner's and Defendant Madrigal's motions to dismiss Plaintiff's First Amended Complaint (Dkt. #50). On April 20, 2017, Defendants filed the pending motion for reconsideration (Dkt. #51). On May 2, 2017, Plaintiff filed a response (Dkt. #52). On May 12, 2017, Defendants filed a reply (Dkt. #53).

## LEGAL STANDARD

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n. 1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011)). Defendants filed their motion for reconsideration within 28 days of order denying their motion to dismiss; therefore, the motion will be considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

**ANALYSIS**

In their motion for reconsideration, Defendants argue that the Court committed an error of fact in finding that Defendants did not contest that Plaintiff's organization of the photo shoot motivated his termination (Dkt. #51 at p. 1). Defendants also argue the Court committed an error of law in conducting a "generalized approach to the analysis of qualified immunity." (Dkt. #51 at p. 1).

*Motivation for Termination*

In order for a public employee to recover for a free speech retaliation claim, the plaintiff must satisfy four elements: (1) the plaintiff must suffer an adverse employment decision; (2) the plaintiff's speech must involve a matter of public concern; (3) the plaintiff's interest in commenting on matters of public concern must outweigh the defendant's interest in promoting efficiency; and (4) the plaintiff's speech must have motivated the defendant's actions. *Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir. 2014).

In its Memorandum Opinion and Order, the Court found that Defendants did not contest Plaintiff's organization of the photo shoot motivated his termination (Dkt. #50 at p. 9). The Court erred in this respect. Although Defendants terminated Plaintiff following the photo shoot, Defendants argue they did not terminate Plaintiff because he organized the photo shoot. The Notice of Disciplinary Action signed by Defendant Kistner alleges Plaintiff violated the City's policy on insubordination when he failed to follow an order not to use City equipment for the purpose of endorsing candidates and when he failed to use his chain of command for his request to use City-owned property (Dkt. #13 at ¶17).

However, this error does not negate the Court's conclusion that Plaintiff has alleged a plausible claim for First Amendment retaliation. Plaintiff's complaint sufficiently alleges a causal link between Plaintiff's protected acts and his termination. Plaintiff alleges Defendants terminated him four months after he organized the photo shoot (Dkt. #13 at ¶17). Although Defendants argue Plaintiff failed to follow an order not to use City equipment to endorse candidates and failed to use his chain of command to request to use City property, Plaintiff alleges he did not personally attend the photo shoot and was not personally involved with the movement of the fire truck during the photo shoot (Dkt. #13 at ¶ 11, 20).

Plaintiff likewise alleges that Defendant Kistner "interrogated eight members of the Association, asking them about the photo shoot" (Dkt. #13 at ¶ 16). Plaintiff alleges Defendant Kistner questioned two members of the Association's executive board "more extensively" and that Defendant Kistner told one of the members "he should expect to be disciplined because he was a leader in the Association." (Dkt. #13 at ¶16). Plaintiff further alleges "both the questions asked and the manner of questioning were intimidating and made members of the Association afraid to associate with Local 2661 and engage in political activity on behalf of the Association and its

members." (Dkt. #13 at ¶16). Plaintiff has sufficiently pleaded a causal link between his protected activity and his termination. *See Burnside*, 773 F.3d at 628 (citing *See Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 601 (5th Cir.2001) (stating that the protected conduct need only be a motivating factor in the adverse employment action)).

*Qualified Immunity Analysis*

Defendants next argue that the Court's qualified immunity analysis was not sufficiently case specific (Dkt. #51 at p 4). Defendants argue the Court did not cite to cases "holding that a public employee has a First Amendment right to use city-owned equipment for political activity." (Dkt. #53 at p. 4). Defendants state the "Court did not find, nor could it find, that it was clearly established that discharging an employee for insubordination would violate the First Amendment." (Dkt. #51 at p. 7).

To determine whether qualified immunity is appropriate, a court undertakes a two-step analysis. First, a court evaluates whether, taking the facts in the light most favorable to the plaintiff, the official's conduct violated a constitutional right. *Haverda v. Hays Cty*., 723 F.3d 586, 598 (5th Cir. 2013) (citing *Lytle v. Bexar Cnty., Tex.,* 560 F.3d 404, 409–10 (5th Cir.2009)). Second, a court must determine whether that constitutional right was clearly established at the time of the conduct. *Id.*

As stated above and in the Court's Memorandum Opinion and Order, Plaintiff pleaded sufficient facts to state a claim of a First and Fourteenth Amendment violation. Plaintiff alleges Defendants violated his First and Fourteenth Amendment rights by terminating him for his association with and speech on behalf of Local 2661, a labor union. Plaintiff thus satisfied the first step of the qualified immunity analysis.

The Court next found that Plaintiff's right to associate with and speak on behalf of a labor union was clearly established at the time of the conduct. The Court cited to *Boddie v. City of Columbus, Miss.*, 989 F.2d 745, 750 (5th Cir. 1993) which held that it is "clear that the First Amendment protects an employee's right to associate with a union." *Boddie v. City of Columbus, Miss.*, 989 F.2d 745, 748 (5th Cir. 1993) (citing *Smith v. Arkansas State Highway Emps.*, 441 U.S. 463, 464–65 (1979); *Vicksburg Firefighters v. City of Vicksburg*, 761 F.2d 1036, 1039 (5th Cir. 1985); *Prof'l Ass'n of Coll. Educators v. El Paso Cty. Cmty. Coll. Dist.*, 730 F.2d 258, 262 (5th Cir. 1984)). The Fifth Circuit in *Boddie* concluded that a fire chief "should reasonably have known" that firing plaintiff for his association with a union violated clearly established law. *Id.* at 750. *See also Vojvodich v. Lopez*, 48 F.3d 879, 887 (5th Cir. 1995) (holding that that prior to March 1993, it should have been "readily apparent" to a reasonable employer that he could not retaliate against an employee for exercising his First Amendment right to campaign for a political candidate); *Liberty Cty. Officers Ass'n v. Stewart*, 903 F. Supp. 1046, 1054 (E.D. Tex. 1995) (holding that it was clearly established that plaintiff had a First Amendment right to associate with labor organizations and to speak with other employees to promote organized labor."). Plaintiff thus satisfied the second prong of the qualified immunity analysis.

Defendant's assertion that they are entitled to qualified immunity based on their claim that they discharged Plaintiff for insubordination is incorrect. Plaintiff here sufficiently pleaded that Defendants terminated him for his association with and speech with a labor union. The Fifth Circuit has held that "summary disposition of the causation issue in First Amendment retaliation claims is generally inappropriate." *Haverda*, 723 F.3d 586, 595 (5th Cir. 2013). "When an official's intent or the reasons for his or her actions are an essential element of the underlying violation, [the Fifth Circuit has] treated factual disputes over intent just like any other factual dispute that can justify a

6

denial of qualified immunity." *Kinney v. Weaver*, 367 F.3d 337, 373 (5th Cir. 2004) (citing *Tompkins v. Vickers*, 26 F.3d 603, 607–10 (5th Cir. 1994) (holding that the existence of a retaliatory motive was a factual issue that precluded summary judgment on qualified immunity in a First Amendment case.")). *See also Liberty Cty. Officers Ass'n v. Stewart*, 903 F. Supp. 1046, 1054 (E.D. Tex. 1995) (holding that fact issue regarding whether poor performance was merely a pretext for termination grounded on Plaintiffs' pro-union activities precluded application of qualified immunity defense).

Plaintiff has sufficiently alleged Defendants terminated him in retaliation for his association with and speech on behalf of Local 2661. "[T]he law is clearly established that such a retaliatory action, if proved, violates the First Amendment." *Burnside v. Kaelin*, 773 F.3d 624, 629 (5th Cir. 2014). Defendants are therefore not entitled to qualified immunity at this time.

## CONCLUSION

It is therefore **ORDERED** that Defendants Daniel Kistner's and Jose Madrigal's Motion for Reconsideration of Order Denying Motion to Dismiss (Dkt. #51) is hereby **GRANTED IN PART AND DENIED IN PART**.

**SIGNED this 12th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE