**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **STEPHEN DORRIS** | § | |
| | § | |
|   **Plaintiff** | § | |
| | § | |
| **v.** | § | **CA No. 4:16-cv-00069-ALM** |
| | § | |
| **CITY OF MCKINNEY, TEXAS,** | § | |
| **DANIEL KISTNER, named in his** | § | |
| **individual and official capacities,** | § | |
| **and JOSE MADRIGAL, named in his** | § | |
| **individual and official capacities,** | § | |
| | § | |
|   **Defendants** | § | |

**DEFENDANTS FIRST AMENDED ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendants City of McKinney, Texas ("City"), Daniel Kistner ("Kistner") and Jose Madrigal ("Madrigal") (hereinafter collectively "Defendants") and,  file their  First Amended Answer to Plaintiff's First Amended Complaint (hereinafter "Plaintiff's Complaint"), and would respectfully show unto the Court the following:

**I.
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1.     Defendants admit that Plaintiff has brought suit against Defendants alleging violations of the U.S. Constitution and state law and seeks a declaratory judgment and damages but denies that Plaintiff has viable claims against Defendants and deny the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit that 28 U.S.C. §§1331, 1343, and 1367(a) confer jurisdiction to this Court over Plaintiff's federal constitutional and state law claims as alleged in Paragraph 2 of Plaintiff's Complaint, but deny that Plaintiff has any viable claims against Defendants.

3.     Defendants admit that 28 U.S.C. §1391 establishes venue as alleged in Paragraph 3 of Plaintiff's Complaint, but deny that Plaintiff has viable claims.

4.     Defendants admit that Plaintiff is an individual but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.     Defendants admit the allegation in the first sentence of Paragraph 5 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 5 of Plaintiff's Complaint.

6.     Defendants admit the allegation in the first sentence of Paragraph 6 of Plaintiff's Complaint.  Defendants admit that pursuant to the City Charter, Defendant Kistner, as Fire Chief, has immediate direction and control of the Fire Department but deny the remaining allegations in the second sentence of Paragraph 6 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 6 of Plaintiff's Complaint.  Defendants admit that Defendant Kistner has been sued in his individual and official capacities but deny the remaining allegations in the fourth sentence of Paragraph 6 of Plaintiff's Complaint.

7.     Defendants admit that Defendant Madrigal is the Deputy City Manager but deny the remaining allegation in the first sentence of Paragraph 7 of Plaintiff's Complaint. Defendants admit that as the Deputy City Manager, Defendant Madrigal exercised some supervisory authority over various City departments, including the Fire Department, subject to the control of the City Manager, but deny the remaining allegations in the second sentence of Paragraph 7 of Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 7 of Plaintiff's Complaint.  Defendants admit that Defendant Madrigal has been sued in his individual

and official capacities but deny the remaining allegations in the fourth sentence of Paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit the allegation in the first sentence of Paragraph 8 of Plaintiff's Complaint.  Defendants admit that Plaintiff was a Captain in the McKinney Fire Department at the time of his termination but deny the remaining allegations in the second sentence of Paragraph 8 of Plaintiff's Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit that municipal elections were held in the City in May 2015 but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint.  However, it is Defendants' information and belief that Plaintiff was involved in the coordination of a political photo shoot that involved City equipment and at least one on-duty firefighter after permission to use the City's equipment had been denied.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint because Defendants have no knowledge which photographs Plaintiff is referencing in Paragraph 12 of Plaintiff's Complaint. Defendants have no knowledge how many photographs were taken and who was or was not in all of them.   However, Defendants have seen several photographs which were posted by the Association and would admit in those photographs there are individuals standing in front of a Fire truck, the individuals are not wearing anything which would identify them as City

employees, and there is nothing in the photographs which identifies the Fire truck as City equipment.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit that Defendant Kistner requested the assistance of the McKinney Police Department in conducting an administrative inquiry to determine if any violation of rule, policy, ordinance, Meet & Confer Agreement, or other regulation occurred as a result of the April photo shoot but deny the remaining allegation in the first sentence of Paragraph 15 of Plaintiff's Complaint. Defendants admit that as a result of the administrative inquiry, the McKinney Police Department concluded an internal affairs investigation was warranted based on potential violations of the McKinney Employee Relations Policy and Texas Election Code §255.003 but deny the remaining allegation in the second sentence of Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit that on July 16, 2015, Defendant Kistner terminated Plaintiff's employment for the reasons stated in the July 16, 2015, Disciplinary Action memorandum but deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants admit that during the internal affairs investigation, the City's Police Department submitted information to the Collin County Sheriff's Office on a potential violation

of Section 255.003 of the Texas Election Code and the Sheriff's Office referred the matter to the Collin County District Attorney's Office but deny the remaining allegation in the first sentence of Paragraph 21.  Defendants admit that Plaintiff was no-billed by a Collin County grand jury in August 2015 but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants admit the allegations in the first and second sentences of Paragraph 22 of Plaintiff's Complaint.  As for Plaintiff's allegation in the third sentence of Paragraph 22 of Plaintiff's Complaint, Defendants admit that the City, after reviewing the evidence and testimony presented at Plaintiff's appeal hearing, upheld Plaintiff's termination on October 27, 2015.

23.     Defendants incorporate their responses to Paragraphs 1-22 of Plaintiff's Complaint in response to Paragraph 23 of Plaintiff's Complaint.

24.     Defendants admit the allegation in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants admit that the Fourth and Fourteenth Amendments to the U.S. Constitution protects a person's right to freedom of association but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants incorporate their responses to Paragraphs 1-30 of Plaintiff's Complaint in response to Paragraph 31 of Plaintiff's Complaint.

32.     Defendants admit that the First and Fourteenth Amendments to the U.S. Constitution protects freedom of speech but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of Plaintiff's Complaint since they are legal assertions and conclusions by the Plaintiff.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Complaint since they are legal assertions and conclusions by the Plaintiff.

34.     Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants incorporate their responses to Paragraphs 1-41 of Plaintiff's Complaint in response to Paragraph 42 of Plaintiff's Complaint.

43.     Defendants admit that the portions of the state statutes set forth in Paragraph 43 of Plaintiff's Complaint are accurate and correct but deny that Defendants violated such statutes.

44.     Defendants admit that Section 101.001 of the Texas Labor Code provides that an employees may associate and form trade unions and other organizations to protect themselves in their personal labor in their respective employment trade organizations and that Sections 101.052 of the Texas Labor Code and 617.004 of the Texas Government Code prohibit the denial of employment based on an individual's membership or non-membership in a labor union.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint and deny that Plaintiff is entitled any injunctive relief.

46,     Defendants admit that in his Prayer for Relief, Plaintiff seeks entry of a declaratory judgment and permanent injunction, and seeks to recover back pay compensation, benefits and unpaid entitlements, compensatory damages, punitive damages, reinstatement, costs and attorneys but deny that Plaintiff is entitled to any of the relief and damages listed.

## II.
## AFFIRMATIVE DEFENSES

1.     Defendants affirmatively plead that they did not deprive Plaintiff of any constitutionally protected rights and/or interests guaranteed to him under the U.S. Constitution.

2.     Defendants affirmatively plead that Defendant City is not liable for the acts of its employees under the theory of *respondeat superior*.

3.     Defendants affirmatively plead that Plaintiff has failed to state a claim for relief under 42 U.S.C. §1983 against Defendants.

4.     Defendants affirmatively plead that no alleged constitutional deprivation and/or violation suffered by Plaintiff was caused by a policy, custom, or practice of Defendant City.

5.     Defendants affirmatively denies that any of Defendant City's policies, customs, or practices exhibit deliberate indifference to the constitutional or other statutory rights of Plaintiff.

6.     Defendants affirmatively plead that Defendants Kistner and Madrigal are entitled to qualified immunity from suit and from any and all federal claims, as they were public official acting within the scope and course of their employment for Defendant City and were performing discretionary duties and their official responsibilities, and their conduct did not violate clearly

established law of which a reasonable person would have known at the time.

7.      Defendants affirmatively plead that Defendant City's governmental immunity has not been waived for Plaintiff's state law claims under the Chapter 101 of the Texas Labor Code and Chapter 617 of the Texas Government Code.

8.      Defendants affirmatively plead that Defendants Kistner and Madrigal are entitled to official immunity from Plaintiff's state law claims under the Chapter 101 of the Texas Labor Code and Chapter 617 of the Texas Government Code.

9.      Defendants affirmatively plead that Plaintiff is not entitled to recover exemplary damages against Defendants Kistner and Madrigal because they did not act with malice, recklessness, or deliberate indifference to Plaintiff's federal constitutional rights.

10.     Defendants affirmatively plead that Plaintiff cannot establish a prima facie case of First Amendment retaliation.

*11.*     Defendants affirmatively plead that they would have taken the same employment action against Plaintiff even in the absence of the protected conduct.  *See Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S 274 (1977).

12.     Defendants affirmatively plead that their reason(s) to terminate Plaintiff's employment is not pretextual.

13.     Defendants affirmatively plead the defense of after-acquired evidence of wrongdoing and that Plaintiff's damages, if any, may be limited by the "after acquired evidence of wrongdoing" doctrine.  Specifically, Plaintiff, at his termination appeal hearing, among others, knowingly and repeatedly provided false information to the appeal panel when he stated that he was not at City Hall on April 10, 2015, when in fact, he was.  This act of dishonesty and falsification is grounds for termination.

# III.
## JURY DEMAND

Defendants hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants City of McKinney, Texas, Daniel Kistner and Jose Madrigal pray that Plaintiff takes nothing by this suit; that all relief requested by Plaintiff  be denied and all Plaintiff's claims be dismissed with prejudice to the refiling  of same; and that Defendants be awarded all costs of suit and attorney's fees; Defendants further pray for such other and further relief, both general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

/s/   Thomas P. Brandt
**THOMAS P. BRANDT**
State Bar No. 02883500
tbrandt@fhmbk.com
**JOHN F. ROEHM, III**
State Bar No. 17157500
jroehm@fhmbk.com
**FANNING HARPER,  MARTINSON,
BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANTS
CITY OF MCKINNEY, TEXAS,
DANIEL KISTNER AND JOSE MADRIGAL**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served on all counsels of record through the electronic case filing system (ECF) of the U.S. District Court, Eastern District of Texas, on the 11th day of September, 2017.

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**